AMERICAN STEEL WOOL MFG. CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15063. Promulgated December 17, 1928.

*George A. O'Donohue, Esq.*, for the petitioner.
*Bruce A. Low, Esq.*, and *George S. Herr, Esq.*, for the respondent.

OPINION.

SIEFKIN: The petitioner, a Delaware corporation, on January 10, 1920, acquired the assets and assumed the liabilities of the American Steel Wool Mfg. Co., a New York corporation. All of the capital stock of the petitioner was issued in exchange for the capital stock of the old corporation. On January 1, 1919, the machinery account on the books of the old corporation showed a balance of $31,984.30. In accordance with the result of an appraisal that was made in October and November, 1918, this account was written up to show a balance of $91,108.24, the value shown by the appraisal. At the beginning of 1920 the machinery accounts showed a total balance of $108,755.38, and in its returns for each of the years 1920 and 1921 the petitioner claimed as a deduction depreciation at the rate of 5 per cent on the total value of machinery as carried on the books. The respondent disallowed for each year $3,233.60, this being 5 per cent of $64,671.93, the amount by which the machinery account on the book was increased as a result of the appraisal.

Section 214 (a) (8) of the Revenue Act of 1918 provides:

That in computing net income there shall be allowed as deductions:

*　　*　　*　　*　　*　　*　　*

(8) A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence.

We have heretofore held that the basis for determination of depreciation is the cost of the depreciable asset to the taxpayer. *Hewett Grain & Provision Co. of Escanaba*, 14 B. T. A. 281. The property in question was acquired by the petitioner from the old corporation as a result of an exchange of stock of the two corporations, the stockholders of the petitioner presumably being the same as the stockholders of the old corporation. The two corporations, however, were separate entities and the basis for determining depreciation is the value of the assets at the time acquired by the petitioner, January 10, 1920. To establish such value the petitioner relies upon the result of an appraisal made in October and November, 1918, and upon the fact that Amos Steinhardt and Melvin G. Steinhardt purchased from David Wolf, in January, 1919, 201 shares of the total of 400 shares of stock of the old corporation upon the basis of a statement of assets and liabilities in which the machinery and fixtures were entered at the valuation established by the appraisal. The appraisal itself is en-

titled to little, if any, weight in determining the value of the assets since it was made upon the basis of replacement cost. See *Greenbaum Brothers, Inc.*, 6 B. T. A. 86, and cases cited therein. Nor can it be said that the sale of stock by Wolf to the Steinhardt brothers, which occurred in January, 1919, based upon the value of machinery as determined by the appraisal, establishes the value of the assets in question as of January 10, 1920, the date they were acquired by the petitioner.

The petitioner having failed to show the cost of the machinery as of the date of acquisition by the petitioner, the action of the respondent in disallowing a part of the depreciation claimed is approved.

*Judgment will be entered for the respondent.*